IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| QUINTIN MARCEL MCGHEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | **7 : 13-CV-41 (HL)** |
| | : | |
| CALVIN ORR, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on March 27, 2013. (Doc. 1).   Presently pending in this action are Defendants' Motion to Dismiss, and Plaintiff's Motion to Amend and Motion for Appointment of Counsel.   (Doc. 26, 30, 33).

## Background

Plaintiff asserts that, on November 30, 2012, he was stabbed by his cellmate, Solomon Graves, immediately after Inmate Graves was placed in Plaintiff's cell. (Doc. 1).   Prior to placing Inmate Graves in the cell with Plaintiff, officers had handcuffed Plaintiff.   The officers (not named as defendants) allegedly placed Inmate Graves into Plaintiff's cell, removed Graves' handcuffs, and then instructed Plaintiff to place his hands through the door flap so that his handcuffs could be removed.   Plaintiff states that at this time Inmate Graves attacked Plaintiff with a shank.   Plaintiff maintains that Defendant Orr was two doors down and ordered the officers not to reopen the cell door until additional help arrived.   During this time, Plaintiff was stabbed multiple times and, as a result, Plaintiff was hospitalized for three days.

Plaintiff maintains that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff by failing to protect him, violating his Eighth Amendment rights.   Specifically, Plaintiff alleges that he had been previously attacked on October 29, 2012, and that he subsequently informed Defendants Taylor, Philbin, Hollis, Johnson, and Prescott, all employees of Valdosta State Prison ("VSP"), that his life was in danger, and that he wished to be placed in a one-man cell or in protective custody, or be transferred to another prison.   Plaintiff contends that, because these Defendants did not take action after being notified of the October attack, these Defendants failed to protect Plaintiff from the November attack.   Further, Plaintiff contends that Defendant Orr, the deputy warden of security at VSP, failed to assist Plaintiff in securing protective custody or a transfer to a different prison after the November 2012 attack.   Plaintiff also arguably alleges that Defendant Prescott was present when Plaintiff was stabbed by a different inmate during shower call on October 29, 2012, and that Defendant Prescott failed to protect him.

**Motion to Dismiss (Doc. 26)**

Defendants' filed a Motion to Dismiss on June 25, 2013, asserting, in part, that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted the administrative remedies available to him, and because Plaintiff has failed to state a claim upon which relief can be granted.

<u>Failure to Exhaust</u>

Defendants maintain that Plaintiff has failed to exhaust the administrative remedies available to him as to the claim alleged against Defendant Prescott regarding the October 2012 attack. (Doc. 26-1).   The Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o

2

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Response does not reveal a conflict.   In his Response, Plaintiff states that he did not exhaust his administrative remedies regarding the October 2012 attack.   (Doc. 28-1, p. 9).   As there is no factual conflict regarding exhaustion and as Plaintiff admits to failing to exhaust this claim, Defendant Prescott is entitled to have the claim against him of failing to protect Plaintiff during the October 2012 attack dismissed.

*Failure to State a Claim*

Defendants maintain that Plaintiff failed to state a claim upon which relief can be granted as to the November 2012 attack. (Doc. 26-1).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level".   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine

4

whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.'" *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (quoting *Farmer*, 511 U.S. at 843). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832. "The known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Edwards v. Gilbert*, 867 F.3d 1271, 1276 (11th Cir. 1989)).

The Complaint alleges that Defendants Taylor, Philbin, Hollis, Johnson, and Prescott were all told by Plaintiff through letters, grievances, and various encounters that his life was in danger prior to the November 30, 2012 attack. (Doc. 1). Plaintiff does not allege that he told any of these five Defendants that he was afraid of Inmate Graves, that Inmate Graves had threatened his life, or that there was a particularized fear of threat from Inmate Graves. Plaintiff has not articulated any reason that would show these Defendants should have been concerned about the likelihood of an assault by Inmate Graves, such as previous altercations between Plaintiff and Inmate Graves, or any history of Inmate Graves actually assaulting other inmates. *See Lockett v.*

5

*Lawrence*, 2010 WL 2367517, *2 (S.D. Ga. March 18, 2010).   "[B]ecause [Plaintiff] alleged no

facts indicating that any officer was aware of a substantial risk of serious harm to [Plaintiff from

Inmate Graves] and failed to take protective measures," his claim against Defendants Taylor,

Philbin, Hollis, Johnson, and Prescott fails.   *Murphy v. Turpin*, 159 Fed. Appx. 945, 948 (11th

Cir. 2005) (affirming a dismissal for failure to state a claim where the plaintiff alleged facts

indicating that the defendants were aware that the plaintiff had requested protective custody from

one inmate but did not allege that the defendants had notice that the plaintiff was in danger from

another inmate who attacked him); *see Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir.

2003) (affirming summary judgment where defendants' awareness that plaintiff's cellmate was a

problem inmate who was prone to violence and had specific notice from the plaintiff that the

inmate was acting crazy was insufficient to establish Eighth Amendment liability); *Ortiz v.*

*Fernald*, 102 Fed. Appx. 371, 373 (5th Cir. 2004) (dismissing complaint as frivolous where

plaintiff alleged that a report of a prior attack and a threat of future violence put defendants on

notice that he would be assaulted when plaintiff failed to demonstrate a link between the two

attacks).

       The Complaint also alleges that, since the November attack, the remaining Defendant, Orr,

has not assisted Plaintiff with a transfer to another prison or with placement in protective custody.

 (Doc. 1).   Plaintiff does not allege that he has been harmed since the November 2012 attack.

"[T]here is no constitutional right to protective custody."   *Jolly v. Van Peavy*, 2012 WL

4829269, * 3 (M.D. Ga., Aug. 30, 2012).   Furthermore, "a prisoner has no constitutional right to

be transferred to, or to remain in, any particular penal facility."   *Id.* (citing *Meachum v. Fano*,

427 U.S. 215 (1976)).   Plaintiff alleges only that Defendant Orr did not assist him in being

transferred to another prison or placed in protective custody.   Accordingly, Plaintiff has failed to state a claim under § 1983 as to Defendant Orr.

**Conclusion**

The undersigned finds that Plaintiff has failed to exhaust the administrative remedies available to him regarding the claim that Defendant Prescott failed to protect him during the October 2012 attack.   Further, the undersigned finds that the Complaint fails to state a claim for which relief can be granted as to the claim of failure to protect regarding the November 2012 attack alleged against Defendants Taylor, Philbin, Hollis, Johnson, and Prescott, and has failed to state a claim against Defendant Orr for failing to assist Plaintiff after the November 2012 attack. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motion to Amend (Doc. 30)***

In his Motion to Amend, Plaintiff seeks to sue each Defendant individually and in his official capacity, requests the Court enter judgment, grant Plaintiff a declaration stating that the acts and omissions alleged in the Amended Complaint violated his constitutional rights, and grant injunctive relief against Defendant Orr for his failure to transfer Plaintiff to a new prison.

In his original Complaint, Plaintiff sued Defendants in both their individual and official capacities, and requested the Court grant him a declaration stating that his rights had been

7

violated, and as such, Plaintiff does not need to move to add these claims.   Further, as there is a pending Motion to Dismiss, it is premature to enter judgment or find that the acts and omissions alleged in the Amended Complaint violated Plaintiff's constitutional rights.   The only new claim Plaintiff seeks to add is a claim for injunctive relief against Defendant Orr.

Plaintiff filed his Complaint on March 27, 2013, and on April 24, 2013, the waivers of service and the Complaint were mailed to Defendants. (*See* Docs. 1, 14).   Defendants filed their response, a Pre-Answer Motion to Dismiss, on June 25, 2013. (Doc. 26).   Plaintiff did not file his Motion to Amend until September 6, 2013.   (Doc. 30).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A)  21 days after serving it, or
> (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend is untimely under Rule 15(a)(1).   The Motion to Amend was filed more than twenty-one (21) days after the Complaint was served and more than twenty-one (21) days after service of a responsive pleading, the Pre-Answer Motion to Dismiss. Additionally, Defendants have not consented to Plaintiff's proposed amendment.   (Doc. 31). Therefore, Plaintiff's only remaining means to amend his Complaint is by leave of Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.  *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend."  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this Motion, Plaintiff requests a "[p]reliminary injunction ordering Defendant Calvin Orr to render a[n] institution transfer" because Plaintiff's constitutional rights are being violated. (Doc. 30, p. 2).   A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).   In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990).   "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the

9

four requirements is at all times upon the plaintiff.'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

"[A] prisoner has no constitutional right to be transferred to, or to remain in, any particular penal facility." *Jolly*, 2012 WL 4829269 at * 3.   Moreover, "the Court is always reluctant to involve itself in the administration of state prisons and therefore, accords great deference to administrative decisions regarding transfer of prisoners from one facility to another." *Ochoa v. Donald*, 2008 WL 4816726, *2 (M.D. Ga., Oct. 30, 2008) (internal quotations omitted).

Additionally, Plaintiff has provided only one vague, conclusory statement asking the Court to order Defendant Orr to transfer Plaintiff because his rights are being violated and he fears that his life is in danger.   As such, Plaintiff has failed to allege facts which show he will likely prevail on the merits of this claim.   Plaintiff has also not shown that the conduct at issue is imminent. "[I]rreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).   Plaintiff's allegation that he fears that his life is in danger is, at best, remote and speculative.   Plaintiff has provided no information to show that he fears an immediate, particularized threat to his safety that would be cured by a transfer. Accordingly, Plaintiff has failed to allege facts that show he will suffer irreparable injury if injunctive relief is not issued.

Furthermore, under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to a different prison facility.   *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).   On September 26, 2013, Plaintiff notified the Court that he had been transferred to Meriwether County Jail.   (Doc.

10

32).   As Plaintiff has been transferred to a different prison facility, his claim for injunctive relief is moot.

Thus, as Plaintiff has failed to allege facts that would allow him to proceed on a claim of injunctive relief and as Plaintiff has been transferred to a different prison facility, Plaintiff's only new claim alleged in his Motion to Amend is futile.   Accordingly, Plaintiff's Motion to Amend is hereby **DENIED**.

***Motion for Appointment of Counsel (Doc. 33)***

On September 26, 2013, Plaintiff filed a Motion for Appointment of Counsel.   Generally speaking, no right to counsel exists in § 1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.   *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.   The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's

Motion for Appointment of Counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 16th day of October, 2013.

s/ ***Thomas Q. Langstaff***
UNITED STATES MAGISTRATE JUDGE