IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**QUINTON MARCEL MCGHEE,**

    Plaintiff,

v.

**CALVIN ORR, et al.**,

    Defendants.

Civil Action No. 7:13-CV-41 (HL)

## ORDER

Before the Court is Plaintiff Quinton McGhee's Objections (Doc. 38) to the Magistrate Judge's Recommendation (Doc. 35) that Defendants' Motion to Dismiss be granted. After making a *de novo* review of the Recommendation, the Court accepts and adopts it, and Defendants' Motion to Dismiss is granted. Plaintiff's Objection was not received by this Court until thirty days after the Magistrate Judge made his Recommendation and nine days after this Court entered an earlier order (Doc. 36) adopting the Recommendation after reviewing it for clear error. Nevertheless, the Court finds that Plaintiff's Objection is not untimely in light of the "prisoner's mailbox rule" and therefore undertakes a *de novo* review. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776, 782 (11th Cir. 1993) (extending Houston's equitable leniency towards the timing of a *pro se* prisoner's filings to claims brought under 42 U.S.C. § 1983).

Plaintiff fails to offer any compelling argument for why the motion to dismiss should not be granted. The Magistrate Judge recommended dismissing the claims against Defendant Prescott because Plaintiff had failed to exhaust the administrative remedies available with respect to Prescott as required by the Prison Litigation Reform Act. In his Objection, Plaintiff concedes this point. "Plaintiff didn't exhaust administrative remedies against prescott [sic] and except [sic] that Defendant prescott [sic] should be dismissed from claims against him." (Doc. 38, p. 2). The Court appreciates such candor from Plaintiff but is therefore obliged to grant Defendant Prescott's motion and dismiss the claims against him.

The remaining Defendants' Motion to Dismiss must also be granted. The Magistrate Judge determined that Plaintiff had failed to state a claim against these Defendants because they could not have subjective knowledge of the substantial risk of harm Plaintiff faced from Solomon Graves, the fellow inmate who attacked him, because Plaintiff had never told them about the threat Graves posed. In requesting to be transferred to an isolation cell, Plaintiff had only expressed general fears for his safety. Again, Plaintiff's Objection does not dispute that he had never warned Defendants about the particular threat presented by Graves. He admits, "Plaintiff didn't know about Graves or what Graves was capable of doing…but know [sic] that Valdosta State Prison is a level 5 Security Prison and for Graves to be at VSP he must be a violent person or

once was in the past." (Doc. 38, p. 4). If Plaintiff "didn't know about Graves" then it is axiomatic Defendants did not either and could not be deliberately indifferent to a substantial risk that Graves would assault Plaintiff.

Therefore the Court adopts the Recommendation of the Magistrate Judge and grants Defendants' Motion to Dismiss.

**SO ORDERED**, this the 25th day of November, 2013.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr